■ In the Matter of ELLEN J. MILLER, Respondent, v. ROBERT P. SLOCUM et al., Constituting the Town Board of the Town of Stony Point, et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act to compel the issuance of a building permit, the town officials of the Town of Stony Point appeal from an order of the Supreme Court, Rockland County, entered November 30, 1961, which directed that the permit be issued forthwith, and which declared that " the zoning ordinance now in effect shall not apply to prevent petitioner's erection of the improvement in accordance with the Building Permit to be issued." Order reversed on the law and proceeding remitted to the Special Term for determination after a hearing, with costs to abide the event. Triable issues of fact are raised by the pleadings and accompanying papers. Such issues should be determined after a hearing (Civ. Prac. Act, § 1295). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of NORTHAMPTON COLONY, INC., Appellant, v. BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF OLD WESTBURY, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act to annul a determination of the respondent Board of Appeals of the Incorporated Village of Old Westbury, denying the petitioner's application for a variance of the local zoning ordinance so as to permit the erection of a restaurant and retail stores, the petitioner appeals from an order of the Supreme Court, Nassau County, dated September 14, 1961, which dismissed its petition. Order affirmed, with costs. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.

■ In the Matter of GUSTAVE A. RINGWALD, Appellant, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 6, Respondent.— In a proceeding under article 78 of the Civil Practice Act, to annul a determination of the respondent Board of Education dismissing the petitioner from his position as teacher in the Manhasset Public School System, and for other relief, the petitioner appeals from an order of the Supreme Court, Nassau County, dated September 25, 1961, which dismissed the proceeding. Order reversed on the law and the facts, without costs, and matter remitted to the Special Term for a trial of the factual issues presented, pursuant to section 1295 of the Civil Practice Act; and for a determination *de novo* on the basis of all the proof which may be adduced. In dismissing the petition the Special Term held " there is no determination of the respondent Board of Education to be reviewed." Petitioner contends that the board did make a determination discharging him without cause. The board contends it made no determination; that petitioner in effect simply resigned, retired or quit. It is not disputed that petitioner had acquired tenure in his position and that a teacher with tenure may not be summarily fired (cf. Education Law, § 3012). In our opinion, the facts set forth in the petition and exhibits and in the School Superintendent's affidavit give rise, *inter alia,* to the following issues: (1) whether the board actually made any determination dismissing or discharging petitioner from his position or terminating his services, or whether he had voluntarily resigned or retired from his position or had quit on his own accord; (2) if the board did make such determination, whether it had complied with the statutory prerequisites as to notice, hearing, etc. (Education Law, § 3012); and (3) if it did comply with such prerequisites, whether the board thereafter dismissed or discharged petitioner or terminated his services for cause. In view of the sharp differences of opinion between petitioner and the board as to what actually transpired between them, these issues and any others should be resolved after a trial. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.